[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S ST JUDGMENT MOTION FOR CONTEMPT (DATED MARCH 23, 2001)
This court issued its Memorandum of Decision on September 13, 2000. In paragraph B of that memorandum the court ordered as follows:
 Within sixty (60) days from the date of this decision, the plaintiff shall assign and transfer from his Morgan Stanley Dean Witter account the sum of Fifty-five Thousand ($55,000) Dollars to an IRA account established in the defendant's name. The defendant shall be responsible for all income taxes subsequently incurred upon any withdrawals from said account.
In fact, the plaintiff transferred securities to the defendant on December 13, 2000. Those securities were worth $43,000. It is the plaintiff's position that the securities he transferred were worth $55,000 on the date of judgment. He stated he had his broker separate these securities to be transferred to the defendant's IRA account when this was CT Page 8622 established? The defendant did not establish her IRA account until October 31, 2000, nearly a month and a half before the date of actual transfer. The securities transferred were 300 shares of Cisco Systems, 300 shares of Intel and 268 shares of Microsoft. Between the date of judgment and December 13, all of these securities declined in value.
It is the plaintiff's position that these securities were in a 401(k) account and that the account did not consist of cash. It is his position that the court must have erred when it ordered cash rather than securities.
The court did not err in entering this order. It made its order as it did to avoid the very problems in this case. By ordering a specific sum there could be no disagreement as to value. There could also be no disagreement on the securities to be transferred, that is, whether the ones selected for transfer had better prospects for the future than others.
The plaintiff has not complied with the court's order. It is agreed that the securities transferred were worth $43,000 to the date of transfer. The plaintiff owes the defendant $12,000 in cash from his Morgan Stanley Dean Witter account to be transferred to the defendant's IRA account. This sum shall be paid within thirty (30) days from the date hereof.
The court does not find an intentional and willful violation of the court's orders. The court does, however, order interest at the legal rate for $12,000 from December 13, 2000 to the date of payment of the $12,000 to the defendant's IRA account.
Finally, the court orders counsel fees in the amount of One Thousand ($1,000) Dollars to be paid by the plaintiff to the defendant's attorney within thirty (30) days of this date.
 ______________________ EDGAR W. BASSICK, III JUDGE TRIAL REFEREE